ORIGINAL

9697A/SHV
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042
Attorneys for Plaintiff Air Sea Transport, Inc.

RECEIVED
OCT 01 2012
AT 8:30________M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| AIR SEA TRANSPORT, INC.,<br><br>Plaintiff,<br><br>- v -<br><br>NIKI INTERNATIONAL, INC. and WELTON SHIPPING CO., INC.,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Index No.: _______________<br><br>**COMPLAINT** |

Plaintiff AIR SEA TRANSPORT, INC. (hereinafter, "AST") by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, by way of Complaint against NIKI INTERNATIONAL, INC. (hereinafter, "NIKI") and WELTON SHIPPING CO., INC. (hereinafter, "WELTON"), alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1. This is a civil case of admiralty or maritime subject matter jurisdiction within the meaning of 28 U.S.C. § 1333(1). This is an admiralty or maritime claim within the meaning of and Federal Rule of Civil Procedure 9(h).

2. Alternatively, this Court has subject matter jurisdiction over this lawsuit as conferred by 28 U.S.C. § 1332. This controversy is between citizens of different states. AST and NIKI and WELTON share neither state of incorporation nor principal place of business. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

8. Commercial Invoice no. ZL9349B in the amount of $192,515.77 was issued by Yantai to NIKI on June 18, 2010, with the terms of payment "D/P AT SIGHT".

9. On or about June 23, 2010 Yantai arranged with AST, for the transport of the ZL9349B Shipment by sea from Qingdao, China to Los Angeles, California. AST, in turn, booked the shipment with the ocean carrier Hyundai Merchant Marine, and AST issued AST bill of lading no. QD0510060241 for the ZL9349B Shipment.

10. AST, as the NVOCC, was the bailee of the ZL9349B Shipment under the AST bill of lading contract of carriage to properly deliver the ZL9349B Shipment.

11. The ZL9349B Shipment was loaded at Qingdao, China onboard the vessel APL OAKLAND on June 23, 2010 and arrived at the destination port of Los Angeles, California on July 10, 2010.

12. On or about July 10, 2010 the ZL9349B Shipment was released to WELTON, for hold pending surrender by NIKI to WELTON of the original AST bill of lading no. QD0510060241.

13. This was the agreed-upon commercial practice between WELTON and AST.

14. On or about July 28, 2010, WELTON, without authorization from AST, improperly released the ZL9349B Shipment to NIKI and/or NIKI's agents without requiring surrender of the original bill of lading no. QD0510060241 by NIKI to WELTON. The ZL9349B Shipment was subsequently taken by NIKI or delivered to NIKI in New Jersey without payment by NIKI of the $192,515.77 owed to Yantai Zhonglian Industry Co., Ltd.

15. The ZL9349B Shipment remains, in whole or in part, in NIKI's possession, custody or control, or has since been distributed to NIKI's customers.

16. On May 22, 2012 a civil judgment was entered in the Qingdao Maritime Court of the People's Republic of China in favor of Yantai against AST in the amount of $192,515.77 for the loss of the ZL9349B Shipment.

**GENERAL ALLEGATIONS (AST B/L QD0510080082)**

17. On or about June 11, 2010 NIKI, as buyer, entered into a purchase contract agreement no. ZL9383C with Yantai, as seller, wherein NIKI agreed to purchase 22,020 pieces of "100% cotton flat sheets, fitted sheets, and pillowcases" for a total of $215,058.22. (Hereinafter, the "ZL9383C Shipment").

18. Commercial Invoice no. ZL9383C in the amount of $215,058.22 was issued by Yantai Zhonglian Industry Co., Ltd. to NIKI on August 8, 2010, with the terms of payment "D/P AT SIGHT".

19. On or about June 23, 2010 Yantai arranged with AST, for the transport of the ZL9383C Shipment by sea from Qingdao, China to Los Angeles, California. AST, in turn, booked the shipment with the ocean carrier Hyundai Merchant Marine, and AST issued AST bill of lading no. QD0510080082 for the ZL9383C Shipment.

20. AST, as the NVOCC, was the bailee of the ZL9383C Shipment under the AST bill of lading contract of carriage to properly deliver the ZL9383C Shipment.

21. The ZL9383C Shipment was loaded at Qingdao, China onboard the vessel APL ATLANTA on August 11, 2010 and arrived at the destination port of Los Angeles, California on August 27, 2 010..

22. On or about August 27 2010 the ZL9383C Shipment was released to WELTON, for hold pending surrender by NIKI to WELTON of the original AST bill of lading no. QD0510080082.

23. This was the agreed-upon commercial practice between WELTON and AST.

24. While in the custody and control of WELTON, the ZL9383C Shipment was subjected to a Customs Border & Protection ("CBP") Examination Hold, and taken to a CBP warehouse for examination.

25. On or about September 30, 2010 the ZL9383C Shipment was released by CBP to NIKI and/or NIKI's agents without surrender of the original AST bill of lading by NIKI to WELTON. The ZL9383C Shipment was subsequently taken by NIKI or delivered to NIKI in New Jersey without payment by NIKI of the $215,058.22 owed to Yantai Zhonglian Industry Co., Ltd.

26. The ZL9383C Shipment remains, in whole or in part, in NIKI's possession, custody or control, or has since been distributed to NIKI's customers.

27. On May 22, 2012 a civil judgment was entered in the Qingdao Maritime Court of the People's Republic of China in favor of Yantai against AST in the amount of $$215,058.22 for the loss of the ZL9383C Shipment.

**COUNT ONE (Breach of Implied Contract by WELTON)**

28. AST repeats and realleges all of the above allegations with the same force and effect as if fully set forth at length herein.

29. While the ZL9349B Shipment and ZL9383C Shipment were in the custody and control of WELTON at the Port of Los Angeles, California, WELTON

breached its agreement and practice with AST by failing to obtain the original AST bills of lading QD0510060241 or QD0510080082 from NIKI before releasing the ZL9349B Shipment and ZL9383C Shipment to NIKI and/or NIKI's agents.

30. The unauthorized and improper release of the ZL9349B Shipment and ZL9383C Shipment by WELTON was the cause of the loss suffered by AST.

31. Wherefore, AST demands judgment against WELTON in the amount of $407,573.97 (that is, $195,515.77 + $215,058.22), together with all costs, including attorneys fees, the costs of the suit in China, and such other relief as the Court may deem just and proper.

**COUNT TWO (Breach of Contract by NIKI)**

1. AST repeats and realleges all of the above allegations with the same force and effect as if fully set forth at length herein.

2. AST bills of lading QD0510060241 and QD0510080082 are contracts of carriage, the terms and conditions of which are binding upon NIKI, as the named bill of lading consignee on both said bills of lading.

3. Pursuant to the AST bills of lading, NIKI could only obtain possession of the ZL9349B Shipment and ZL9383C Shipment upon surrender of the original AST bills of lading. NIKI did not surrender the original bills of lading, thereby breaching the contracts of carriage.

4. Wherefore, AST demands judgment against NIKI in the amount of $407,573.97 (that is, $195,515.77 + $215,058.22),, together with all costs, including attorneys fees, the costs of the suit in China, and such other relief as the Court may deem just and proper.

**COUNT THREE (Conversion by NIKI)**

5. AST repeats and realleges all of the above allegations with the same force and effect as if fully set forth at length herein.

6. AST was the bailee of the ZL9349B Shipment and ZL9383C Shipment under the AST bills of lading contract of carriage to properly deliver the ZL9349B Shipment and ZL9383C Shipment.

7. NIKI took possession of the ZL9349B Shipment and ZL9383C Shipment without payment thereof, and without surrender of the original AST bills of lading nos. QD0510060241 and QD0510080082

8. The conduct of NIKI in taking the ZL9349B Shipment and ZL9383C Shipment without payment and without surrender of the original AST bills of lading wrongly deprived AST of its possessory interest in the ZL9349B Shipment and ZL9383C Shipment and further wrongfully deprived AST of its ability to deliver the ZL9349B Shipment and ZL9383C Shipment pursuant to the AST bills of lading.

9. Wherefore, AST demands judgment against NIKI in the amount of $407,573.97 (that is, $195,515.77 + $215,058.22), together with all costs, including attorneys fees, the costs of the suit in China, and such other relief as the Court may deem just and proper.

**COUNT FOUR (Unjust Enrichment by NIKI)**

10. AST repeats and realleges all of the above allegations with the same force and effect as if fully set forth at length herein.

11. NIKI has been unjustly enriched by taking the ZL9349B Shipment and ZL9383C Shipment without payment thereof, and without surrender of the original AST bills of lading nos. QD0510060241 and QD0510080082

12. The conduct of NIKI in taking the ZL9349B Shipment and ZL9383C Shipment without payment wrongly deprived possessory interest in the ZL9349B Shipment and ZL9383C Shipment and further wrongfully deprived AST of the value of the ZL9349B Shipment and ZL9383C Shipment.

13. Wherefore, AST demands judgment against NIKI in the amount of $407,573.97 (that is, $195,515.77 + $215,058.22), together with all costs, including attorneys fees, the costs of the suit in China, and such other relief as the Court may deem just and proper.

**COUNT FIVE (Equitable Subrogation against NIKI)**

14. AST repeats and realleges all of the above allegations with the same force and effect as if fully set forth at length herein.

15. In the event that AST is found liable to Yantai in China for the ZL9349B Shipment and ZL9383C Shipment, AST will acquire Yantai's rights against NIKI by way of equitable subrogation, and is therefore entitled to recover from NIKI based on NIKI's breach of the commercial invoices and sales contracts with Yantai for failure to make payment to Yantai on the ZL9349B Shipment and ZL9383C Shipment

16. Wherefore, AST demands judgment against NIKI in the amount of $407,573.97 (that is, $195,515.77 + $215,058.22), together with all costs, including attorneys fees, the costs of the suit in China, and such other relief as the Court may deem just and proper.

**COUNT SIX (Assignment against NIKI)**

17. AST repeats and realleges all of the above allegations with the same force and effect as if fully set forth at length herein.

18. In In the event that AST is found liable to Yantai in China for the ZL9349B Shipment and ZL9383C Shipment, AST will acquire Yantai's rights against NIKI by way of assignment, and is therefore entitled to recover from NIKI based on NIKI's breach of the commercial invoices and sales contracts with Yantai for failure to make payment to Yantai on the ZL9349B Shipment and ZL9383C Shipment

19. Wherefore, AST demands judgment against NIKI in the amount of $407,573.97 (that is, $195,515.77 + $215,058.22), together with all costs, including attorneys fees, the costs of the suit in China, and such other relief as the Court may deem just and proper.

**COUNT SEVEN (Constructive Trust against NIKI)**

20. AST repeats and realleges all of the above allegations with the same force and effect as if fully set forth at length herein.

21. AST was the bailee of the ZL9349B Shipment and ZL9383C Shipment under the AST bills of lading contract of carriage to properly deliver the ZL9349B Shipment and ZL9383C Shipment.

22. NIKI took possession of the ZL9349B Shipment and ZL9383C Shipment without payment thereof, and without surrender of the original AST bills of lading nos. QD0510060241 and QD0510080082.

23. Wherefore, AST demands imposition of a constructive trust with respect to the ZL9349B Shipment and ZL9383C Shipment, and/or any proceeds received by

NIKI for the sales of the ZL9349B Shipment and ZL9383C Shipment or portions thereof, along with such other relief as the Court may deem just and proper.

**COUNT EIGHT (Replevin against NIKI)**

24. AST repeats and realleges all of the above allegations with the same force and effect as if fully set forth at length herein.

25. AST was the bailee of the ZL9349B Shipment and ZL9383C Shipment under the AST bills of lading contract of carriage to properly deliver the ZL9349B Shipment and ZL9383C Shipment.

26. NIKI, not having paid for the ZL9349B Shipment and ZL9383C Shipment, has no ownership interest in, or lien upon, the ZL9349B Shipment and ZL9383C Shipment, and has no contractual or equitable right to possess the ZL9349B Shipment and ZL9383C Shipment, and is wrongfully in possession of the ZL9349B Shipment and ZL9383C Shipment.

27. Wherefore, AST demands the return of the ZL9349B Shipment and ZL9383C Shipment or the value of the ZL9349B Shipment and ZL9383C Shipment of $407,573.97 (that is, $195,515.77 + $215,058.22), together with all costs, including attorneys fees, the costs of the suit in China, and such other relief as the Court may deem just and proper.

**COUNT NINE (Indemnity against NIKI and WELTON)**

28. AST repeats and realleges all of the above allegations with the same force and effect as if fully set forth at length herein.

29. If AST is found liable to Yantai in China, whether by judgment or settlement, for the loss of the ZL9349B Shipment and ZL9383C Shipment, then said

liability was caused solely by the acts, omissions, fault, and/or negligence of NIKI and/or WELTON and/or their servants or agents, and through no fault of AST.

30. Therefore, AST is entitled to indemnity from NIKI and WELTON for the amount of AST's liability, if any, to Yantai.

31. Wherefore, AST demands judgment against NIKI and WELTON in the amount of $407,573.97 (that is, $195,515.77 + $215,058.22), jointly or severally, together with all costs, including attorneys fees, the costs of the suit in China, and such other relief as the Court may deem just and proper.

WHEREFORE, AST prays for the following:

(a) Judgment against NIKI in the form of an order directing NIKI to turn over the ZL9349B Shipment and ZL9383C Shipment to AST, or its designee; or

(b) Judgment against NIKI and WELTON, jointly and severally, for $407,573.97; and

(c) Judgment against NIKI and WELTON, jointly and severally, for all costs, including attorneys fees, and such other relief as the Court may deem just and proper.

Dated: New York, New York
October 1, 2012

Respectfully submitted,

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Plaintiff Air Sea Transport, Inc.

By: ______________________
Stephen H. Vengrow
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042